IN THE COURT OF COMMON PLEAS
LICKING COUNTY, OHIO

CLERK COMMON
PLEAS COURT
LICKING CO. OHIO

2022 DEC -7 PM 3:16

OLIVIA C. PARKINSON
CLERK

| | |
|---|---|
| JARED BLINSKY<br>5320 Clover Valley Road<br>Johnstown, Ohio 43031<br><br>    Plaintiff<br><br>vs.<br><br>FREEDOM INSURANCE COMPANY<br>OF AMERICAN<br>300 Burnett Street, Suite 200<br>Fort Worth, Texas 76102<br><br>and<br><br>USHEALTH GROUP<br>300 Burnett Street, Suite 200<br>Fort Worth, Texas 76102<br><br>and<br><br>UNITED HEALTHCARE GROUP INC.<br>300 Burnett Street, Suite 200<br>Fort Worth, Texas 76102<br><br>and<br><br>ABC INSURANCE COMPANY 1-3<br>Names Unknown<br>Addresses Unknown,<br><br>    Defendants. | CASE NO:<br><br>**22CV01346**<br><br>JUDGE<br><br>**COMPLAINT FOR BREACH OF CONTRACT, BAD FAITH AND MONEY DAMAGES, INCLUDING PUNITIVE DAMAGES**<br><br>**(JURY DEMAND ENDORSED HEREON)** |

Plaintiff, Jared Blinksy, by and through counsel, David A. Goldstein Co., L.P.A. and for his Complaint, states as follows:

**COMMON FACTUAL ALLEGATIONS**

1. Plaintiff Jared Blinsky is an individual who resides in Licking County, Ohio whose


EXHIBIT B

rights are affected by the within action.

2. Defendants Freedom Insurance Company of America and/or Defendant USHEALTH Group and/or United Healthcare Group Inc., (hereinafter referred to collectively as "Defendants") is an insurance company, parent company, subsidiary or sister company of an insurer that is authorized to issue policies of insurance in Ohio and conduct a business of insurance in the State of Ohio.

3. At the time of the occurrence, Plaintiff could not discover Defendants ABC Insurance Companies #1 through #3 ("ABCs 1-3"), whose names could not be discovered, who may have insured Plaintiff.

4. On or about September 1. 2021, Plaintiff was operating his motorcycle on at or near the intersection of Clover Valley Road and Green Chapel Road in the City of Johnstown, County of Licking, when he was involved in a single-vehicle accident ("accident").

5. As a direct and proximate result of the accident, Plaintiff suffered serious injuries and incurred medical expenses,

6. Upon information and belief, Defendants and/or ABC 1-3 issued a policy of insurance to Plaintiff. (hereinafter referred to as "Policy"). Plaintiff has requested the Policy at least three times, and Defendants have, without reasonable justification, refused to produce the Policy as well as other relevant documents. As such, Plaintiff cannot attach a copy of the policy of insurance.

7. After the accident, Plaintiff submitted his medical expenses for payment pursuant to the terms and conditions of the Policy. However, Defendants, without reasonable justification, denied Plaintiff's claim.

8. On June 6, 2022, counsel for Plaintiff sent a letter to Defendants advising about his representation of Plaintiff and requesting a number of documents, including a copy of the insurance

policy.

9. On June 21, 2022, Defendants, by and through its authorized representative, reiterated the basis of the denial of coverage. However, Defendants failed to provide any of the documentation requested by Plaintiff in his June 6, 2022, letter.

10. On July 8, 2022, counsel for Plaintiff sent a second letter to Defendants, responding to the June 21, 2022, and demanding the Policy and other documents requested be produced.

11. Defendants failed to respond to the July 8, 2022, letter.

12. On August 15, 2022, counsel for Plaintiff sent a third letter to Defendants advising Defendants failed to respond to the July 8, 2022 letter and reiterating the demand for documents, including a copy of the Policy.

13. As of the filing of this complaint, Defendants, without reasonable justification, have failed to respond to Plaintiff's July 8 or August 15 letters and produce any documents, including a copy of the Policy.

14. Plaintiff has satisfied all conditions for bringing the claim for Defendants to provide coverage.

15. Plaintiff continues to suffer financial harm as he has outstanding medical bills in excess of $600,000.00.

16. Defendants have and continue, without reasonable justification, to maintain its denial of coverage to Plaintiff.

17. Subject matter jurisdiction, personal jurisdiction, and venue are proper in the Licking County Court of Common Pleas.

## COUNT ONE-BAD FAITH

19. Plaintiff hereby incorporates Paragraphs 1 through 17 of the Complaint above as if

rewritten in their entirety.

20. Plaintiff has made reasonable demands for coverage under the Policy of insurance.

21. Defendants have asserted an exclusion within the Policy precludes coverage to Plaintiff.

22. Defendants have wrongfully, without reasonable justification and with malice, refused to recognize, adjust, investigate and provide coverage under the policy of insurance.

23. Defendants have wrongfully, without reasonable justification and with malice, refused to provide a copy of the Policy, provide documents requested by Plaintiff. And communicate with counsel for Plaintiff.

24. Defendants' actions constitute bad faith pursuant to the common law tort set forth in *Zoppo v. Homestead Ins. Co.* (1994), 71 Ohio St.3d 552 and *Boone v. Vanliner Ins. Co.* (2001) 91 Ohio St.3d 209.

## COUNT TWO-PUNITIVE DAMAGES

25. Plaintiff hereby incorporates Paragraphs 1 through 24 of the Complaint above as if rewritten in their entirety.

26. Defendants have acted with actual malice, fraud, or insult entitling Plaintiff to an award of punitive damages and reasonable attorney's fees.

## COUNT THREE-BREACH OF CONTRACT

27. Plaintiff hereby incorporates Paragraphs 1 through 27 of the Complaint above as if rewritten in their entirety.

28. Defendants' failure to provide coverage under the Policy constitutes a breach of contract.

29. As a direct and proximate result of Defendants' breach of contract, Plaintiff has

suffered damages.

## COUNT FOUR-DECLARATORY JUDGMENT

30. Plaintiff hereby incorporates Paragraphs 1 through 29 of the Complaint above as if rewritten in their entirety.

31. Defendants, without reasonable justification, have denied coverage to Plaintiff.

32. Defendants have asserted Plaintiff's medical expenses were caused or contributed by him being intoxicated or under the influence of a drug, and as such, the Policy precludes coverage.

33. Plaintiff denies his medical expenses were caused or contributed by him being intoxicated or under the influence of a drug.

34. Said exclusion is against public policy, illusory and unenforceable.

35. A justifiable controversy exists as to whether said exclusion would be applicable.

36. Plaintiff brings this Declaratory Judgment Action pursuant to O.R.C. 2721.01 to 2721.15, and Rule 57 of the Ohio Rules of Civil Procedure.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

(1) Judgment against Defendants in an amount greater than $25,000; and

(2) For punitive damages; and

(3) For reasonable attorney's fees; and

(4) For the Court to determine the rights, status, and legal relations of the parties under the Policy; and

(5) For such other relief as the Court deems appropriate; and

(6) For the costs and expenses of this action.

Respectfully submitted,

_____
DAVID A. GOLDSTEIN (0064461)
DAVID A. GOLDSTEIN CO., L.P.A.
511 S. High Street
Suite 200
Columbus, Ohio 43215
(614) 222-1889
(614) 222-1899(Fax)
dgoldstein@dgoldsteinlaw.com
Attorney for Plaintiff

## JURY DEMAND

Pursuant to Civil Rule 38, a trial by a jury composed of the maximum number of jurors permitted under law is hereby demanded on all issues triable of right.

_____
**DAVID A. GOLDSTEIN (0064461)**